Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANABEL J. VELASQUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MRS BPO, LLC,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C. § 1692.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** ANABEL J. VELASQUEZ ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of MRS BPO, LLC, ("Defendant" or "MRS") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of California.

6. Defendant's principle office is located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

7. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, letter vendors, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. Prior to 2018, Plaintiff obtained a line of credit through Wise Credit ("subject debt").

9. In 2018, Plaintiff became unable to keep up with payments and defaulted on the subject debt.

10. Subsequently, Defendant acquired the rights to collect the defaulted subject debt.

11. Consequently, Defendant began contacting Defendant in an attempt to collect on the subject debt.

12. Around December 14, 2020, Plaintiff placed an outgoing call to Defendant in an attempt to ascertain more information about Defendant and its collection of the subject debt.

13. During this call, Plaintiff spoke with a representative of Defendant named "Nastafia." On no less than two occasions, Nastafia informed Plaintiff she was a customer of a company named

"NCB Management." Plaintiff was perplexed, as she has never formed any business relationship with NCB Management and believed she was dealing solely with Defendant.

14. Upon reviewing the number Plaintiff used in contacting Defendant, Plaintiff was able to confirm she called Defendant and not a company named NCB Management.

15. Plaintiff was confused, as she had no way to understand what company was collecting on the subject debt.

## DAMAGES

16. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

18. Plaintiff has suffered from emotional distress as she believed that more than one company could collect on the subject debt.

19. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

3

24. The subject debt in which Defendant attempted to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692e, e(10), and f, through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692e**

28. Defendant violated §1692e and e(10) by using false, deceptive, and misleading representations in connection to the collection of the subject debt. Defendant falsely communicated to Plaintiff that a different collector, "NCB Management," was attempting to collect upon the debt. This caused confusion for Plaintiff, as she was unable to determine who was collecting upon the subject debt.

29. As an experienced debt collector, Defendant knew or should have known the ramifications of utilizing misleading and deceptive means to coerce Plaintiff into making an immediate payment toward the subject debt.

    **b. Violations of FDCPA § 1692f**

30. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debt from Plaintiff. By purposefully misrepresenting the entity attempting to collect on the subject debt, Defendant sought to confuse Plaintiff and coerce a payment.

31. As stated above, Plaintiff was severely harmed by Defendant's conduct.

4

**WHEREFORE**, Plaintiff ANABEL J. VELASQUEZ respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 16, 2020　　　　　　　　　　Respectfully submitted,

<u>/s/ Alexander J. Taylor</u>
Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*